Mr. John E. Brown Attorney for City of Mulberry Post Office Drawer 1900 Lakeland, Florida 33802
Dear Mr. Brown:
As attorney for the City of Mulberry, you have asked substantially the following question:
 Is the City Police Department of the City of Mulberry authorized by s. 316.640, F.S., to enforce the state traffic laws on a state road which runs between annexed areas of the city and is within the city limits?
In sum:
 The City of Mulberry Police Department is authorized by s. 316.640(3)(a), F.S., to enforce state traffic laws on a state road within the geographical limits of the city although the road itself has not been annexed.
The City of Mulberry has annexed properties through the voluntary annexation procedure in s. 171.044, F.S. These properties are located on the east and west side of a state road; the state road itself was not annexed. The state road is, however, within the geographical city limits.
Section 316.640(3)(a), F.S., provides in part that:
 The police department of each chartered municipality shall enforce the traffic laws of this state on all the streets and highways thereof and elsewhere throughout the municipality wherever the public has the right to travel by motor vehicle.
Relying on this statute, it was concluded in AGO 81-41 that a municipality is authorized to provide police protection on federal highways/state roads which are physically located within the corporate boundaries of the municipality. Attorney General Opinion 81-41 clarifies an earlier opinion of this office concluding that a municipality may not exercise police jurisdiction over a federal highway/state road which is contiguous to but not within the corporate limits of a city.
In State v. Williams, 303 So.2d 74 (3 D.C.A.Fla., 1974), case dismissed, 314 So.2d 591 (Fla. 1975), the question for resolution was whether a municipal police officer had the right to arrest a motorist for violating the state traffic code on an interstate highway within the geographical limits of the municipality. It was argued that s. 316.006, F.S., divested the municipality of any such power. That statute, in part, vests in chartered municipalities "original jurisdiction over all streets and highways located within their boundaries, except all state roads. . . ." (e.s.) original jurisdiction over state roads is vested in the Department of Transportation.[1] The Williams court noted, however, that the jurisdiction vested by s. 316.006, F.S., relates only to the control or regulation of traffic and does not extend to the enforcement of traffic laws. As the court pointed out "[i]t is understandable that the Legislature would place the exclusive jurisdiction for fixing speed limits, signs, and traffic control devices in one authority in order that the requirements on a given road would be uniform, but it is also understandable that the Legislature would permit the enforcement of these requirements by any lawful law enforcement officer."[2]
Therefore, the City of Mulberry is authorized by s. 316.640(3)(a), F.S., to enforce the state traffic laws on state roads located within the city limits although such roads have not been annexed by the city.
Sincerely,
Robert A. Butterworth Attorney General
(gh)
[1] See, AGO 75-205 which concludes that counties may not establish speed limits and impose requirements for the posting of such speed limits on state roads as s. 316.006(3), F.S., gives the Department of Transportation original jurisdiction over such matters.
[2] State v. Williams, 303 So.2d 74, 75 (3 D.C.A.Fla., 1974), case dismissed, 314 So.2d 591 (Fla. 1975).